NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2993-15T1

NATIONSTAR MORTGAGE, LLC,

 Plaintiff-Respondent,

v.

IRINA IUDINA,

 Defendant-Appellant,

and

VASLILY VYPRYATHKIN, and
BANK OF AMERICA, N.A.,

 Defendants.
_____________________________

 Submitted May 2, 2017 – Decided August 4, 2017

 Before Judges Yannotti and Sapp-Peterson.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Middlesex County, Docket
 No. F-4401-14.

 Irina Iudina, appellant pro se.

 Sandelands Eyet, LLP, attorneys for respondent
 (Raymond Kim, on the brief).

PER CURIAM
 Defendant, Irina Iudina, appeals from various orders entered

by the trial court arising out of a foreclosure action. Those

orders: (1) denied defendant's motion to dismiss the foreclosure

complaint (December 19, 2014); (2) denied defendant's motion

seeking discovery regarding her loan payment history (February 20,

2015); (3) granted plaintiff's motion to strike defendant's answer

(February 25, 2015); (4) entered final judgment of foreclosure in

favor of plaintiff (July 14, 2015); (5) vacated a November 20,

2015 order granting defendant's motion to vacate the July 14, 2015

order and dismissing plaintiff's complaint with prejudice and, in

turn, restored the motion to the motion calendar (January 8, 2016);

and, (6) denied defendant's motion to set aside the July 14, 2015

judgment of foreclosure (February 18, 2016). We vacate the January

22, 2016 order and remand to the trial court for the entry of an

amended order reflecting that the order denying defendant's motion

to vacate the July 14, 2015 judgment of foreclosure was entered

on February 18, 2016, rather than January 22, 2016. We otherwise

affirm all of the orders under review.

 By way of background, plaintiff executed a note in favor of

Bank of America in 2007, secured by property located in East

Brunswick. Through subsequent assignments, the mortgage was

ultimately assigned to Nationstar on May 22, 2013, and recorded

 2 A-2993-15T1
in the Middlesex County Register's Office on June 21, 2013.

Defendant ceased making mortgage payments in 2011. As a result

of defendant's default, plaintiff sent defendant a Notice of Intent

to Foreclose on August 22, 2013, and thereafter filed its

foreclosure (NOI) complaint on February 6, 2014. Defendant filed

an answer, eighteen affirmative defenses, and five counterclaims.

Plaintiff moved for summary judgment and defendant cross-moved to

dismiss the complaint. Both motions were denied and the matter

proceeded to trial.

 At trial, the court found that the only disputed issue before

the court was "who is the holder entitled to file this

[foreclosure] action." Based upon the evidence plaintiff

presented, which the court credited, the court found that the

Federal Home Loan Mortgage Corporation (Freddie Mac) executed a

valid assignment to Nationstar and that Nationstar came into

possession of the original note on October 24, 2013. The court

noted that this date "certainly predates the filing of the

complaint," and concluded that "Nationstar is deemed to be the

holder of the note." The court granted judgment in favor of

Nationstar, struck defendant's answer, affirmative defenses and

further noted that defendant submitted no proofs in support of her

counterclaims. The court returned the matter to the Foreclosure

Unit as an uncontested matter.

 3 A-2993-15T1
 The Foreclosure Unit entered a Final Judgment and Writ of

Execution July 14, 2015. By order dated November 20, 2015, the

court granted defendant's motion to vacate the final judgment and

dismiss the complaint. One month later, however, plaintiff filed

a motion to vacate the November 20, 2015 order. Plaintiff

contended that due to a change in law firms, newly assigned counsel

was unaware of the motion and therefore had not had the opportunity

to respond to defendant's motion. On January 8, 2015, the court

vacated the November 20, 2015 order and scheduled the matter for

a hearing on January 22, 2016. The court adjourned that hearing

date and thereafter conducted oral argument on the motion February

18, 2016. On that same date the court denied defendant's motion,

finding that there had been a trial in the matter and that

defendant's only recourse was an appeal. The court also determined

that the purported new evidence defendant submitted in support of

her motion was irrelevant to the foreclosure proceeding. The

present appeal followed.

 On appeal, defendant contends: (1) the trial court improperly

enlarged the time period for reconsideration of the November 20,

2015 order; (2) improperly denied her motion to vacate the July

14, 2015 Judgment of Foreclosure, prior to conducting oral argument

on her motion; (3) the court failed to address her contention that

plaintiff had submitted misleading evidence during the trial,

 4 A-2993-15T1
which the motion court acknowledged had in fact occurred when it

granted defendant relief from the judgment and dismissed the

complaint with prejudice on November 20, 2015; (4) the procedural

history of the matter subsequent to the entry of the November 20,

2015 order raises serious concerns about the predisposition of the

court and "may be considered a violation of fundamental due

process"; (5) the assignment of the note to Nationstar was invalid;

and (6) the NOI was defective because it failed to identify the

actual lender.

 We have considered the arguments advanced by plaintiff in

light of the record and governing legal principles. Other than

remanding to the trial court for the entry of a corrected order

reflecting that defendant's motion to vacate the entry of final

judgment was denied on February 18, 2016, rather than on January

22, 2016, we reject all of the arguments advanced by defendant.

 At the outset, contrary to defendant's contention, plaintiff

did not seek reconsideration of the order entered on November 20,

2015. Rather, as the January 8, 2016 order reflects, plaintiff's

motion sought to "Vacate the Order Entered November 20, 2015."

Thus, defendant's contention that the court improperly enlarged

the time within which plaintiff could seek relief from the November

20, 2015 order, and that plaintiff's application was untimely, is

entirely without merit.

 5 A-2993-15T1
 Turning to the January 22, 2016 order entered prior to the

return date of oral argument on February 18, 2016, once the trial

court vacated the November 20, 2015 order, it rescheduled oral

argument on defendant's motion for January 22, 2016. In accordance

with Rule 1:6-2(a), defendant's motion was "accompanied by a

proposed form of order," which the court utilized as the order

denying defendant's motion. The order is stamped, "Filed January

22, 2016[,] Frank M. Ciuffani, J.S.C." and is also marked

"opposed." Further, in addition to the judge's handwritten

signature affixed to the order, the date "22" and month "January"

are also handwritten on the document.

 It is, however, undisputed that as of January 22, 2016, the

court had yet to receive plaintiff's opposition to defendant's

motion, which plaintiff subsequently filed on January 27, 2016.

It is equally undisputed that the court conducted oral argument

on the motion on February 18, 2016. In her Amended Notice of

Appeal, dated March 18, 2016, defendant certified that on January

22, 2016, there were "[n]o recordings, no oral argument and no

knowledge this motion was decided. Hearing was on February 18,

2016." At the time of the hearing, defendant advised the court

that "with regard to all of the arguments, I will rely on my

papers."

 6 A-2993-15T1
 Consequently, it is clear that the January 22, 2016 date on

the order denying defendant's motion is incorrect. The order

should have been dated February 18, 2016. We therefore remand the

matter to the trial court for the entry of a corrected order. See

R. 1:13-1 (authorizing a court on its own initiative to correct

clerical errors appearing on the face of an order).

 Assuming, however, the court signed the order on January 22,

2016, because it concluded at that time, even without the benefit

of opposition from plaintiff, defendant was not entitled to relief,

it nonetheless afforded defendant the opportunity for oral

argument the following month. At that time, plaintiff advised the

court that she would rely upon the papers she submitted and

advanced no further arguments, notwithstanding having received

plaintiff's opposing papers in advance of the hearing. Plaintiff

offered nothing that altered the court's initial findings with

regard to her motion.

 Next, in addressing the merits of defendant's motion to vacate

the entry of final judgment, based upon her contention plaintiff

lacked standing to foreclose, the trial court agreed with plaintiff

that the newly discovered evidence defendant presented, Freddie

Mac's Form 1036, Request for Physical or Constructive Possession

of Documents, was "not relevant and has no bearing on this case

whatsoever." We agree.

 7 A-2993-15T1
 In a foreclosure matter, a party seeking to establish its

right to foreclose on the mortgage must generally "own or control

the underlying debt." Deutsche Bank Nat'l Trust Co. v. Mitchell,

422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo

Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011));

Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28, (Ch.

Div. 2010) (citations omitted). In Deutsche Bank Trust Co.

Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012),

we held that "either possession of the note or an assignment of

the mortgage that predated the original complaint confer[s]

standing," thereby reaffirming our earlier holding in Mitchell,

supra, 422 N.J. Super. at 216. At the foreclosure trial, the

trial court credited proofs plaintiff presented establishing that

it had a valid assignment, as well as presentation of the original

note and mortgage.

 Defendant did not challenge the authenticity of these

documents nor their admissibility. As Form 1036 makes clear,

this is a document which a seller or servicer submits to Freddie

Mac when seeking the release of loan documents and is not part of

the proofs establishing standing to foreclose.

 At the time of the trial, plaintiff had possession of the

original note, Angeles, supra, 428 N.J. Super. at 413, and

defendant presented no evidence that plaintiff obtained possession

 8 A-2993-15T1
of the original note illegally. In addition, plaintiff presented

evidence that it had a valid assignment at the time the complaint

was filed in 2014. Ibid. Thus, the judgment of foreclosure in

favor of plaintiff was properly entered.

 The remaining arguments advanced by defendant are without

sufficient merit to warrant discussion in a written opinion. R.

2:11-3(e)(1)(E).

 The January 22, 2016 order is vacated and the matter remanded

for the entry of an amended order reflecting February 18, 2016,

as the date on which the court denied defendant's motion to vacate

the July 14, 2015 judgment of foreclosure. The orders on appeal

are otherwise affirmed in their entirety.

 9 A-2993-15T1